**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN MELVILLE,<br>on behalf of himself and all others similarly situated,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>HOP ENERGY, LLC,<br>                                        Defendant. | Case No.: 21 Civ. 10406 (KMK) (VR) |
| MICHELLE MULLANEY and ROBERT MULLANEY, on behalf of themselves and all others similarly situated,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>HOP ENERGY, LLC,<br>                                        Defendant. | Case No.: 23 Civ. 7318 (KMK) (VR) |

**DECLARATION OF JONATHAN SHUB AND J. BURKETT MCINTURFF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff (JM-4564)
Ethan D. Roman (ER-5569)
Daniel J. Brenner (No. 5675198)
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
Telephone: (914) 775-8862
Facsimile:  (914) 775-8862
jbm@wittelslaw.com
edr@wittelslaw.com
djb@wittelslaw.com

**SHUB & JOHNS LLC**
Jonathan Shub (JS-8128)
Samantha E. Holbrook*
FOUR TOWER BRIDGE
200 BARR HARBOR DRIVE, SUITE 400
CONSHOHOCKEN, PENNSYLVANIA 19428
Telephone: (610) 477-8380
jshub@shublawyers.com
sholbrook@shublawyers.com

*Admitted Pro Hac Vice*

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Classes*

Jonathan Shub and J. Burkett McInturff, each an attorney duly admitted to practice before the Southern District of New York, hereby jointly declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. We are Interim Class Counsel for Plaintiffs Ryan Melville, Michelle and Robert Mullaney, and the proposed Classes in the above-captioned consolidated case. We submit this Declaration in opposition to Defendant's Motion to Stay. We have personal knowledge of the facts stated in this Declaration. If called as witnesses, we could and would competently testify to these facts.

## I. BACKGROUND OF THE LITIGATION

2. Connecticut resident Ryan Melville filed *Melville v. HOP Engery, LLC*, No. 21 Civ. 10406 (S.D.N.Y.) on December 6, 2021, alleging that HOP's variable rate prices breached HOP's non-negotiable form contract, or alternatively, that HOP violated the covenant of good faith and fair dealing. HOP, the nation's second largest home heating oil company, offers "automatic delivery" plans, including fixed, capped, and variable rate plans. The *Melville* proposed class encompasses customers on a contract that required HOP to deliver oil at its "Promotional Prevailing Retail Price for First Year Customers" or any other terms that tie HOP's prevailing retail price to "promotional" or "First Year" customers.

3. On August 17, 2023, our firms filed a separate action in this District on behalf of Massachusetts residents Michelle and Robert Mullaney, *Mullaney v. HOP Energy, LLC*, No. 23 Civ. 7318 (S.D.N.Y.). *Mullaney* seeks to certify a class of customers in eight states whose variable, non-capped price was set by reference to HOP's "prevailing retail price" or any other terms that tether prices to prevailing prices.

4. Plaintiffs have obtained substantial amounts of data and documents from Defendant during discovery, including roughly eight years of customer transactions data, over 750,000 non-contract documents, and over 200,000 customer contracts. Based on that discovery, Plaintiffs' class-wide damages model is in excess of $100 million. Record evidence strongly suggests Plaintiffs will prevail.

5. *Melville* and *Mullaney* are not the only proposed class actions HOP is facing: an additional action is pending against HOP in the Eastern District of Pennsylvania, titled *Callery v. HOP Energy, LLC*, No. 20 Civ. 3652 (E.D. Pa.). Based on Interim Class Counsel's research, we have been unable to identify a single case where counsel in *Callery* was appointed to represent a Class. In addition, the *Callery* preliminary approval papers HOP filed in this matter (ECF No. 136-1), including Callery's counsel's declaration (*id.* at 28–35) do not state that counsel has been appointed class counsel in any matter.

6. Despite having been filed in June 2020, *Callery* is no more advanced than *Melville* or *Mullaney*—the *Callery* dismissal motion was decided just four days prior to the Court's dismissal ruling in *Melville*. *Callery* is still in early discovery, and no motions for class certification or summary judgment have been filed. Neither Mr. Melville nor the Mullaneys have opted into *Callery*.

7. After Callery filed his complaint in 2020 in state court and HOP removed it to federal court, Callery spent two years on two unsuccessful motions to remand. During that dispute, Callery claimed the suit should be remanded because he could not meet the jurisdictional amount in controversy required under the Class Action Fairness Act. Callery ultimately lost the remand dispute.

8. On December 7, 2023, the *Melville* and *Mullaney* parties attended a global mediation before JAMS Mediator Hon. Diane Welsh (Ret). with the *Callery* parties in an attempt to reach a global resolution of all matters currently pending against HOP. The parties have since had multiple follow-up communications with Judge Welsh.

9. On May 17, 2024, following repeated threats by HOP to engage in a reverse-auction settlement, the Court appointed the undersigned as Interim Class Counsel to act as the sole negotiating agent for the *Melville* and *Mullaney* proposed classes. ECF No. 128. The Order required that Interim Class Counsel authorize any settlement that purports to extinguish the claims of the *Melville* and *Mullaney* proposed classes. That Order also consolidated the *Melville* and *Mullaney* cases.

10. On June 6, 2024, while Plaintiffs' global demand to HOP was outstanding, HOP and counsel for the plaintiff in *Callery* held a secret mediation, during which they reached an agreement to settle the *Melville* and *Mullaney* claims. Settlement was reached in one day, and purports to resolve the *Melville* and *Mullaney* claims. Interim Class Counsel were not invited to attend this secret mediation and did not approve it or authorize it. In fact, when this secret agreement was reached, a March 4 joint global settlement demand was still outstanding, and on May 24, 2024, Interim Class Counsel had a telephone conference with HOP's counsel to ask about the outstanding settlement demand and HOP never disclosed the existence of the *Callery* negotiations.

11. Following the secret settlement, counsel for HOP and Callery secretly prepared to submit their unauthorized settlement for preliminary approval in Pennsylvania. During that time, neither counsel for Callery nor counsel for HOP informed Interim Class Counsel of the secret settlement.

12. On July 16, 2024, during a phone call originally planned for the purpose of scheduling depositions, HOP revealed to Interim Class Counsel for the first time that it had reached a settlement in *Callery* that purports to extinguish the claims of the *Melville* and *Mullaney* proposed classes. During that call, Interim Class Counsel informed HOP that it acted in violation of the Court's Order. Hours later, Callery filed his preliminary approval papers.

13. On July 23, 2024, during a meet and confer, Interim Class Counsel demanded that HOP comply with the Interim Class Counsel Order and carve out the *Melville* and *Mullaney* classes from the *Callery* settlement. Defense counsel stated he would discuss this with his client but advised that he assumed HOP would choose to stay its course. Defense counsel has not responded to Plaintiffs' demand.

## II.  AUTHENTICATING DOCUMENTS

14. The following is our authentication of all Exhibits A–E referenced in the accompanying Memorandum of Law in Opposition to Defendant's Motion to Stay.

15. Attached hereto as **Exhibit A** is a true and correct copy of the October 31, 2023, Transcript of the Conference before Magistrate Judge Victoria Reznick in this action.

16. Attached hereto as **Exhibit B** is a true and correct copy of the November 29, 2023, Transcript of the Conference before Magistrate Judge Victoria Reznick in this action.

17. Attached hereto as **Exhibit C** is a true and correct copy of the January 9, 2024, Transcript of the Conference before Magistrate Judge Victoria Reznick in this action.

18. Attached hereto as **Exhibit D** is a true and correct copy of the Amended Complaint filed in *Callery*, dated July 16, 2024.

19. Attached hereto as **Exhibit E** is a true and correct copy of the July 17, 2024, Transcript of the Conference before Magistrate Judge Victoria Reznick in this action.

We declare under penalty of perjury that the foregoing is true and correct.

Dated: August 1, 2024            Executed By:

**WITTELS MCINTURFF PALIKOVIC**

By:     /s/ J. Burkett McInturff
          J. Burkett McInturff (JM-4564)
          305 BROADWAY, 7TH FLOOR
          NEW YORK, NEW YORK 10007
          Telephone: (914) 775-8862
          Facsimile: (914) 775-8862
          jbm@wittelslaw.com

**SHUB & JOHNS LLC**

By:     /s/ Jonathan Shub
          Jonathan Shub (JS-8128)
          FOUR TOWER BRIDGE
          200 BARR HARBOR DRIVE, SUITE 400
          CONSHOHOCKEN, PA 19428
          Telephone: (610) 477-8380
          jshub@shublawyers.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Classes*