# Wittels McInturff Palikovic

August 30, 2024

**Via ECF**
Hon. Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:  *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)
     *Mullaney et al v. HOP Energy, LLC*, No. 23 Civ. 7318 (KMK) (VR)

Dear Judge Reznik,

Counsel for Defendant and Interim Class Counsel submit this joint status letter in accordance with the Court's August 6 Order.  ECF No. 147.

### *Plaintiffs' Position*

This consolidated action concerns HOP's practice of overcharging variable-rate home heating oil customers nationwide in violation of its contracts.  After HOP threatened to extinguish the claims here through a separate litigation—*Callery v. HOP Energy, LLC*, No. 20 Civ. 3652 (E.D. Pa.), which concerns HOP's alleged overcharging of its Pennsylvania capped-price customers—this Court appointed Interim Class Counsel to "ensure[] that [the *Melville* and *Mullaney* classes] will be adequately represented in any settlement involving *Callery*."  ECF No. 128 at 3.  HOP violated that Order by excluding Interim Class Counsel from secret negotiations that resulted in a $0 out-of-pocket settlement in *Callery* that purports to extinguish the claims here.

HOP subsequently moved to stay this action.  Importantly, on July 17, 2024, the Court ordered that "There is no stay of this case pending a ruling from the Court [on HOP's stay motion]."  ECF No. 133.  Despite that clear directive, HOP has effectively imposed the stay it seeks without a ruling from the Court by dragging its feet and providing an unrealistic deposition schedule at the last moment.

Plaintiffs served deposition notices on July 9, nearly two months ago.  On July 17, the Court ordered the parties "to meet and confer in good faith to get deposition dates on the calendar."  ECF No. 133.  On August 6, following a dispute over certain proposed deponents and with the depositions still unscheduled, the Court Ordered that "the parties will proceed with scheduling the depositions of other noticed witnesses."  ECF No. 147.  HOP took no prompt action and continued to delay.  Plaintiffs again requested deposition dates on August 9 and August 21.  It was not until this morning (August 30)—the day the joint letter is due—that HOP finally provided deposition dates.  But HOP's proposed schedule is intentionally unrealistic.  HOP proposed a only single date for each deponent (excluding the Rule 30(b)(6) witness), and would require Plaintiffs to take seven

depositions in eleven business days.  In other words, HOP is not working in good faith to advance the litigation.

In reality, the parties will require a further extension of the fact discovery deadline to account for HOP's repeated delays.  However, the length of any discovery extension would undoubtedly be influenced by the Court's resolution of HOP's pending stay motion and Plaintiffs' outstanding Proposed Order to Show Cause.  Therefore, Plaintiffs respectfully request that the Court promptly deny Defendant's stay motion, ECF No. 134, and for the Court to enter Plaintiffs' proposed Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt, ECF No. 141, and set an expedited briefing schedule.

### *Defendant's Position*

On August 6, 2024, the Court directed the Plaintiff to serve its proposed Rule 30(b)(6) topics to HOP by August 9, 2024 "subject to negotiation" by the parties, and for the parties "to proceed with scheduling the depositons of other noticed witnesses."

Undersigned counsel was away the weeks of August 12 and August 19 as previously communicated to Plaintiff's counsel when the parties conferred regarding deposition scheduling on July 23, 2024.  On August 23, 2024, HOP's counsel requested to confer with Plainitff's counsel regarding "depositions and the 30(b)(6) topics."  In response, Plaintiff's counsel advised as follows:  "As for deposition dates, we do not believe there is any further reason to confer" and invited HOP to "propose deposition dates for each witness."

During the parties' Rule 30(b)(6) conferral on August 27, 2024, HOP's counsel asked Plaintiff's counsel its position on scheduling the depositions of individual and Rule 30(b)(6) deponents—where overlapping—on the same day, as that would impact the schedule HOP was preparing. Plaintiff's counsel advised that they would discuss and follow up with HOP regarding Plaintiff's position.  As of today, Plaintiff has not provided HOP with its position on this issue.  Accordingly, earlier today HOP proposed deposition dates for each of the individual depositions, as Plaintiff requested.

Now, after declining to confer with HOP regarding deposition scheduling and instead demanding that HOP unilaterally propose dates, Plaintiff takes issue with the dates proposed and bizarrely claims that HOP "is not working in good faith to advance the litigation."  Notably, Plaintiff does not claim that any of the dates are unacceptable.  And Plainitff's suggestion that HOP's proposed schedule is "intentionally unrealistc" because it requires Plainitff to take "seven depositons in eleven business days" is also puzzling because Plaintiff's original deposition notices—in which Plaintiff unilaterally selected deposition dates for the same witnesses—proposed seven depositions in twelve business days.

HOP does not disagree that a further extension of the fact discovery deadline may make sense but rejects that such an extension is due to any delays by HOP.  However, as the Court is aware, HOP's position is that the Court should stay these proceedings pending resolution of the pending motion for approval of the classwide settlement in *Callery v. HOP Energy, LLC* in the Eastern District of Pennsylvania.

Thank you for the Court's attention to this matter.

Respectfully submitted,

| **WITTELS MCINTURFF PALIKOVIC** | **NIXON PEABODY LLP** |
|---|---|
| By:   */s/ Daniel J. Brenner*<br>       J. Burkett McInturff<br>       Ethan D. Roman<br>       Daniel J. Brenner | By:   */s/ Matthew T. McLaughlin*<br>       Matthew T. McLaughlin |
| 305 Broadway, 7th Floor<br>New York, NY 10007<br>(914) 775-8862<br>(914) 775-8862 (fax)<br>jbm@wittelslaw.com<br>edr@wittelslaw.com<br>djb@wittelslaw.com | Exchange Place<br>53 State Street<br>Boston, MA 02109<br>(617) 345-1000<br>(617) 345-1300 (fax)<br>mmclaughlin@nixonpeabody.com<br><br>*Attorneys for Defendant* |

**SHUB & JOHNS LLC**
Jonathan Shub
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
jshub@shublawyers.com

*Interim Class Counsel*